## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

  v.

Charles V. Goddard

### March 11, 1987

By JUDGE CHARLES R. WATERS, II

As you know, I have been called on by defense counsel to dismiss the indictments rendered against Charles V. Goddard upon the ground that Goddard was denied his right to a preliminary hearing as set forth in § 19.2-218, Code of Virginia, 1950, as amended, a right which Goddard did not waive. No constitutional questions have been raised; therefore, none will be considered. Counsel have informed the court that there is no law on the subject except Code § 19.2-218.

In General District Court, Criminal Division, a police officer who knew nothing of the case was asked his name and job title, and nothing else. The Honorable Reid M. Spencer dismissed all charges against Goddard, and Goddard was nevertheless indicted.

Defense counsel claims that Goddard was denied his right of preliminary hearing, a denial which carried with it the right to cross-examine, introduce witnesses on his own behalf and testify on his own behalf. Of course, Goddard could have testified and could have introduced witnesses but chose not to do so. He was, for all meaningful purposes, denied the right of cross-examination. Moreover, defense counsel contends that the return of the indictments against Goddard was improper and illegal since he neither had nor waived a preliminary hearing in contravention of Code § 19.2-218.

The Commonwealth states that at the preliminary hearing it was necessary to mask the identity of the

officer familiar with the case because he was about to embark on a sting operation which required anonymity. Moreover, this procedure is no longer being utilized. The position of the Commonwealth is that "technically" a preliminary hearing was accomplished and that the action of the Commonwealth was within the limits of the law.

I disagree.

If the letter of the law was followed, the spirit and intent of the law was not.

A preliminary hearing, in my opinion, is a screening device created for the benefit of the defendant. The action of the Commonwealth in intentionally refusing to put on a prima facie case makes a mockery of the procedure, and causes a waste of untold effort and money. A hollow formality is not an adequate substitute for a legislated judicial procedure.

An order will be entered dismissing the indictments returned against Goddard.